ARTEMAS ROBERTS, PLAINTIFF IN ERROR, V. THE CITY OF LINCOLN, DEFENDANT IN ERROR.

1. **Cities of the Second Class:** SALARY OF OFFICERS. In April, 1874, R. was elected city engineer of the city of Lincoln. In May following the mayor and council of said city passed an ordinance repealing the salary of said officer and providing that thereafter he should be paid $5.00 per day for services actually rendered. In November following an ordinance was passed providing for the payment of a salary of $5.00 per day to said officer. *Held:* That after such ordinance took effect the plaintiff was entitled to a salary of $5.00 per day.

2. **Evidence.** Where evidence is before the court which is un-impeached, the court cannot disregard it. If improper it should have been excluded; if properly admitted it must be considered and given due weight.

3. ———: FINDINGS OF THE COURT. Where the finding of the court is clearly against the weight of evidence, the judgment will be set aside.

ERROR from the district court of Lancaster county. The opinion states the facts of the case.

*Tuttle, Harwood & Ames,* for plaintiff in error.

The revised ordinances are sufficiently authenticated. Dillon Mun. Corp., 287. *Block v. Jacksonville,* 36 Ill., 301. And there being no ambiguity, they will be strictly construed. *McCluskey v. Cromwell,* 11 New York, 601.

*Benton v. Wickwire*, 54 Id., 226. The ordinance expressly gives the plaintiff a salary, and not wages as the defendant contends. The salary of a public officer is incidental to his title only, and has no relation to his duties or services. *City of Philadelphia v. Given*, 60 Penn. State, 136. *People v. Miller*, 24 Mich., 458. *Carroll v. Siebenthaler*, 37 Cal., 193. *Dorsey v. Smyth*, 28 Cal., 21. *Meagher v. The County of Storey*, 5 Nevada, 244. *The Auditors v. Benoit*, 20 Mich., 176. *The United States v. Dickson*, 15 Peters, 158.

*T. M. Marquett*, for defendant in error.

In this country a hiring by the day, and payment by the day, has a definite meaning. It means that the day's work must be done before the party is entitled to the wages. The plaintiff in error was entitled to his pay at the end of his day's work, and was not entitled to the $5.00 until he did the day's work. 2 Parsons on Contracts, 32.

The agreement amounts to this and no more, that when the city did require the plaintiff to work, they were to give him $5.00 per day for every day he worked. 2 Parsons on Contracts, 44, note f; 539, note h.

The facts stated in the petition show that plaintiff was employed by the day—not on a salary. But it does not allege that he did a single day's work. "A salary," Webster defines to be, the recompense or consideration stipulated to be paid to a person for services, usually a fixed sum, to be paid by the year, as to governors, magistrates, settled clergymen, instructors of seminaries, or other officers, civil or ecclesiastical. When wages are stated or stipulated by the month, week, or day, we do not call the compensation *salary*, but pay, or wages, as in the case of military men and laborers. The theory of plaintiff's case rests upon the ground that he was entitled to

a *salary*.   The $5.00 per day not being a *salary*, his whole case falls.   There is no foundation to it.

MAXWELL, J.

· The plaintiff was elected engineer of the city of Lincoln in April, 1874.   In May following an ordinance was passed by the proper authorities of the city, abolishing the *salary* of the city engineer, and providing that he should receive five dollars per day for all the labor performed by him for the city.   This action is brought by him to recover a salary as such engineer during the period he held that position.   The court below rendered judgment for the defendant, to reverse which the cause is brought into this court by petition in error.

On the trial of the cause in the court below the plaintiff, to maintain the issue on his part, offered in evidence a printed book of revised ordinances of the city of Lincoln, dated November 6, 1874.   This was introduced under the objection of the defendant that it was not the best evidence.   The record recites " said book being the revised ordinances of the city of Lincoln, Nebraska, approved November 6, 1874."   Article III of said book, provides as follows:

#### SALARIES OF OFFICERS.

SECTION 1.   That the city officers of the city of Lincoln be paid respectively the following sums annually in city warrants at par for their services as such officers, to wit:

Mayor, three hundred and sixty dollars, payable quarter yearly.

Councilmen, each, two hundred and twenty-five dollars, payable quarter yearly.

Policemen, each, seven hundred and fifty dollars, payable monthly.

Chief engineer of the fire department, three hundred dollars, payable monthly.

Engineer of the steam fire engine, seven hundred and fifty dollars, payable monthly.

Street commissioner and fire warden, seven hundred and fifty dollars, payable monthly.

City engineer, five dollars per day, payable monthly.

City clerk, one thousand dollars for all services, payable monthly.

Marshal, one thousand dollars for all services, payable monthly.

City treasurer, four per cent. on all collections.

There is nothing in the record to show that this book containing the revised ordinances was not the original record. Such being the case section one, of Article III of the revised ordinances, approved November 6, 1874, superseded the ordinance abolishing the salary of the city engineer, approved in May, 1874. This evidence being before the court, and no attempt being made to impeach it in any manner, the court could not disregard it. If the evidence was improper, it should have been excluded; if properly admitted it must be considered, and given due weight. The ordinance in question provides for the payment of a salary to the city engineer, and the fact that he presented certain accounts to the city council for services does not estop him from recovering the amount due. As the finding is clearly contrary to the evidence, the judgment is set aside and a new trial awarded.

REMANDED FOR TRIAL DE NOVO.